# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00302-MR

| | |
|---|---|
| WILLIE JAMES BYRD, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> BUNCOMBE COUNTY DETENTION ) <br> FACILITY, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's pro se "Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241 [Doc. 1].

## I. BACKGROUND

The pro se Petitioner is a pretrial detainee at the Buncombe County Detention Center ("BCDC") on charges of first-degree murder, breaking or entering with intent to terrorize or injure, and robbery with a dangerous weapon for incidents that allegedly occurred on September 27, 2021, as well as firearm and drug offenses that that allegedly occurred on October 5, 2021.[1] The Petitioner was arrested on October 12, 2021. He was denied

---

[1] The Court takes judicial notice of the dockets in Buncombe Count Superior Court Case Nos. 21CRS088738, 21CRS088739, 21CRS088589, 21CRS088740, and in Buncombe

bond on the first-degree murder charge, and his total bond for the remaining offenses is $750,000.[2]

The Petitioner presently seeks habeas corpus relief for the violation of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and the violation of North Carolina law. In his lengthy Petition, he claims *inter alia* that: he was illegally searched and seized; he is being denied the effective assistance of counsel; he is being denied bond, discovery, and a speedy trial; the prosecutor is engaging in willful misconduct; he has been subjected to harassment and discrimination by inmates and staff at BCDC; he has experienced PREA incidents at BCDC; and he is being denied adequate medical care at BCDC, including mental health medication. He asks the Court to "dismiss all charges brought forth against [him] without prejudice." [Doc. 1 at 23].

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or

---

County District Court Case Nos. 21CR088574, 21CR088590, and 21CRS088591. See Fed. R. Evid. 201.

[2] This information is gleaned in part from the Buncombe County Sheriff's Office website. https://buncombecountyso.policetocitizen.com/Inmates/Catalog (last accessed Feb. 14, 2024); Fed. R. Evid. 201.

treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are properly brought under § 2241 because it "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As a preliminary matter, the Petitioner has not named the correct Respondent. In habeas cases, "[d]istrict courts are limited to granting relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2241(a)). The statute requires that such writs "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the "proper respondent" in a habeas case is typically the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld, 542 U.S. at 434–35. The Petitioner has failed to name his immediate custodian as a respondent. Even if he had done so, his § 2241 petition would nevertheless be dismissed for the reasons that follow.

In many of his claims, the Petitioner seeks to challenge the validity and merit of the pending state court charges. While federal courts have the power to hear pretrial habeas petitions, "prudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted). Out of respect for those concerns, a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of

4

circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger v. Harris, 401 U.S. 37 (1971)).  Under the Younger abstention doctrine, courts of equity should not act if "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44 (citation omitted).  The Fourth Circuit has stated that Younger abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels., 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Under the first prong, the Petitioner is a pretrial detainee and, therefore, he is involved in an ongoing state criminal proceeding.

Under the second prong, the Supreme Court has stated that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted); see United States v. Mitchell, 733 F.2d 327, 331 (4th Cir. 1984) ("the fixing of bail 'is peculiarly a matter of discretion with the trial court.'") (quoting United States v. Wright,

483 F.2d 1068, 1069 (4th Cir. 1973)). Accordingly, the Petitioner's criminal proceedings implicate important state interests.

Under the third prong, the scheme for federal habeas review is designed "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). A petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim.'" Id. (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

Here, the Petitioner claims that he sent letters to the State of North Carolina about his prosecution, and that he filed "Marsden[3] Motions" with the Clerk of the Buncombe County Superior Court. [Doc. 1 at 10]. The Petitioner also alleges that he filed the instant petition for a writ of habeas corpus with the Buncombe County Clerk of Superior Court at the same time that he filed

---

[3] People v. Marsden, 2 Cal.3d 118, 465 P.2d 44 (1970) (addressing requests for the substitution of counsel).

it in this Court. [See id. at 23]. He does not allege that he has received any resolution from the Buncombe County Court, or that he has petitioned the North Carolina Court of Appeals for review. See N.C. Gen. Stat. § 15A-547 (preserving right to petition state court for a writ of habeas corpus). The Petitioner may raise the claims contained in his Petition, including claims regarding bond, a speedy trial, unlawful arrest, and the denial of due process, in state court. Further, the North Carolina courts have not had the opportunity to determine whether Petitioner's claims that the charges should be dismissed have merit. See Dickerson, 816 F.2d at 226 (as a general matter, "an attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas") (quoting Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976)). Because the Petitioner has the opportunity to raise his federal claims in the state courts, he has an adequate remedy at law. See Younger, 401 U.S. at 43-44.

The Petitioner has failed to demonstrate that any special circumstances exist which would permit this Court to resolve the Petitioner's claims before giving the North Carolina courts to resolve them in the first instance. Accordingly, Younger abstention is appropriate here.

The Petitioner also complains about numerous conditions of his confinement at the BCDC. The claims about the conditions of his

7

Case 1:23-cv-00302-MR   Document 4   Filed 02/20/24   Page 7 of 9

confinement should be raised in a § 1983 case rather than in this § 2241 proceeding. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas petitions are traditionally brought to challenge "the very fact or duration of his physical confinement"); Nance v. Ward, 597 U.S. 159, 167-68 (2022) (emphasizing the difference between habeas claims, in which an inmate seeks immediate or speedier release from prison, from a § 1983 prison conditions claim that does not go to the validity of a conviction or sentence or basis for confinement and thus falls outside habeas's core). Cf. Farabee v. Clarke, 967 F.3d 380 (4th Cir. 2020). The Clerk will be instructed to mail the Petitioner a § 1983 form so that he may initiate a separate civil action addressing the conditions of his confinement, if he wishes to do so.[4]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

---

[4] The Court makes no determinations about the potential merit or procedural viability of such an action.

The Clerk is respectfully instructed to mail the Petitioner a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 16, 2024

Martin Reidinger
Chief United States District Judge